IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02613-PAB-MEH

JENNIFER DEBUHR, and
JASON DEBUHR,

      Plaintiffs,

v.

WARREN M. HERN, and
BOULDER ABORTION CLINIC, P.C.,

      Defendants.

_____

# ORDER
_____

**Michael E. Hegarty, United States Magistrate Judge**.

Defendants seek to quash Plaintiffs' deposition notices, which set videotaped trial depositions for three of Plaintiffs' medical experts—Dr. Carlson, Dr. Torell, and Dr. Arias. Mot. to Quash Dep. Notices, ECF No. 65. According to Defendants, Plaintiffs cannot establish that the experts are unavailable, and Plaintiffs do not identify any testimony they seek to elicit that was not discussed during the experts' initial depositions. *Id.* Plaintiffs respond that their experts are unavailable under the Federal Rules, because they live and work in Nebraska. Resp. to Mot. to Quash Dep. Notices, ECF No. 68. Additionally, Plaintiffs assert they have not had the opportunity to depose the witnesses concerning the scope of testimony they wish to present at trial. *Id.* at 11. The Court heard oral argument on October 31, 2017. *See* Courtroom Minutes, ECF No. 71.

Courts in this District have considered the following four factors in determining whether to permit trial preservation depositions:

(1) the prejudice or surprise in fact of the party against whom the excluded witnesses would have testified, (2) the ability of that party to cure the prejudice, (3) the extent to which waiver of the rule against calling unlisted witnesses would disrupt the orderly and efficient trial of the case or of other cases in court, and (4) bad faith or willfulness in failing to comply with the court's order.

*Estenfelder v. Gates Corp.*, 199 F.R.D. 351, 356 (D. Colo. 2001); *Prince Lionheart, Inc. v. Halo Innovations, Inc.*, No. 06-cv-00324-WDM-KLM, 2007 WL 2935818, at *2–3 (D. Colo. Oct. 5, 2007); *Antero Res. Corp. v. S. Jersey Res. Grp., LLC*, No. 17-cv-00656-REB-MEH, 2017 WL 1176414, at *1 (D. Colo. Mar. 30, 2017). Accordingly, courts generally perform "a balancing of interests, with a requirement of a showing of surprise, prejudice, and attempts to cure such prejudice." *Odell v. Burlington N. R.R. Co.*, 151 F.R.D. 661, 663–64 (D. Colo. 1993).

The Court finds that a balancing of the *Estenfelder* factors favors permitting Plaintiffs to take the preservation depositions. First, although Defendants will certainly suffer some prejudice as a result of having to participate in the depositions nine weeks before trial, Plaintiffs did not act unreasonably in waiting to notice the depositions. Indeed, Plaintiffs did not want to require both parties to incur the costs of the depositions until they knew whether this case would proceed to trial. The Honorable Philip A. Brimmer ruled on Defendants' Motion for Summary Judgment on September 27, 2017, *see* ECF No. 62, and Plaintiffs conferred with Defendants regarding the depositions on October 16, 2017. Mot. to Quash Dep. Notices 1. Furthermore, Defendants will not be surprised as to the subject matter of the depositions, as Defendants have already deposed the experts, and Plaintiffs do not intend to take the depositions to establish additional factual information.

Further, the Court finds that it can tailor its ruling to cure any substantial prejudice to Defendants. Regarding prejudice Defendants will suffer due to having less than one week to

prepare for the depositions, the Court will permit the parties to reschedule the depositions to a date on or before November 22, 2017 that is convenient for defense counsel. Furthermore, to the extent Defendants will suffer prejudice from having to travel to Nebraska to cross-examine the expert witnesses, the Court will require Plaintiffs to pay Defendants' costs incurred in traveling to and from Nebraska (not including attorney's fees) and any costs associated with obtaining either a hard copy, electronic copy, or video copy of the testimony. *See Antero Res. Corp.*, 2017 WL 1176414, at *2 (requiring that the party noticing a trial preservation deposition pay the opposing party's travel costs).

Third, the Court does not find that permitting the trial preservation depositions will disrupt the orderly and efficient trial of this case. The parties will complete the depositions by November 22, 2017, and the trial will begin on January 8, 2018. *See* ECF No. 60. Therefore, after the parties take the depositions, they will have over six weeks to prepare for trial. Fourth, the Court does not find any evidence that Plaintiffs have acted in bad faith.

In addition to the preceding four factors, Plaintiffs have a substantial interest in preserving this testimony for trial. *See Odell*, 151 F.R.D. at 663–64 (stating that courts should balance the interests of both parties in determining whether trial preservation depositions are appropriate). If the Court were to prohibit Plaintiffs from taking the preservation depositions, Plaintiffs' opportunity to seek evidence from their experts may be significantly limited. Although the experts have previously been deposed, their depositions were taken a year ago, and the depositions were not taken for the purpose of establishing evidence for trial. Furthermore, Defendants, not Plaintiffs, noticed the discovery depositions (although Plaintiffs' counsel conducted material examinations as well during the depositions). The testimony Plaintiffs will

elicit from their experts in preparation for trial may be significantly different than that which was obtained by either side during discovery. Additionally, Plaintiffs' counsel informed the Court at oral argument that the experts, who work and reside in Nebraska, have expressed misgivings about traveling to Denver for trial, particularly given their respective active medical care practices. Courts have traditionally honored medical professionals' need to avoid disruption in their practices, and the Court finds that a trial preservation deposition is the appropriate mechanism to ensure the jury hears their testimony at trial in the most efficient and effective manner possible under the circumstances.

Defendants' reliance on *Merlin v. Crawford*, No. 14-cv-01150-REB-NYW, 2016 WL 814580 (D. Colo. Mar. 2, 2016) does not convince the Court to the contrary. In *Merlin*, the court denied the defendants' motion to take trial preservation depositions, primarily because the defendants took the witnesses' depositions during discovery. *Id.* at *3. Here, however, Plaintiffs did not notice their own experts' depositions. Although the experts' did undergo discovery depositions, the Court has already found that the testimony Plaintiffs will elicit from their experts may be different from that which occurred a year prior. Additionally, the court in *Merlin* relied on the prejudice to the opposing party from having to participate in the deposition less than five weeks before trial. *Id.* at *3. Here, in contrast, because the jury trial is not set to commence until January 8, 2018, ECF No. 60, Defendants have approximately nine weeks to prepare for the depositions and subsequently for trial.

Lastly, Defendants assert the preservation depositions are not appropriate, because Plaintiffs have not demonstrated the experts' unavailability for trial. However, the Court need not determine at this stage whether the experts are unavailable. Indeed, whether the experts may

testify by deposition transcript or video is ultimately an issue of admissibility to be resolved by Judge Brimmer. *See* Fed R. Civ. P. 32(a)(4); *Odell*, 151 F.R.D. at 664 ("At this juncture, this Court need only determine if the depositions should be precluded. The ultimate decision of admissibility of testimony at trial rests with the assigned District Judge. To make a decision at this point precluding the taking of the depositions in their entirety would be inappropriate.").

In sum, the Court finds that Plaintiffs may take videotaped trial preservation depositions of Dr. Carlson, Dr. Torell, and Dr. Arias. However, to cure any prejudice to Defendants, the Court will allow the parties to reschedule the depositions to a date not later than November 22, 2017. Additionally, the Court will permit Defendants to recover their costs attendant to the depositions. Accordingly, Defendants' Motion to Quash Plaintiffs' Deposition Notices, Motion for Protective Order, and Motion for Immediate Hearing [filed October 26, 2017; ECF No. 65] is **granted in part and denied in part**.

Additionally, the parties represented to the Court at oral argument that their deadline for designation of trial deposition testimony is November 22, 2017. In light of the Court's order that the depositions may take place on or before November 22, 2017, the Court respectfully recommends that the District Court extend the deadline for designation of the three experts' testimony at issue in this motion to give the parties sufficient time to review the deposition transcripts and designate testimony.[1]

---

[1] Be advised that all parties shall have fourteen days after service hereof to serve and file any written objections to this recommendation for extension of time Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676–83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written

Entered and dated at Denver, Colorado, this 1st day of November, 2017.

BY THE COURT:

Michael E. Hegarty

Michael E. Hegarty
United States Magistrate Judge

---

objections to the proposed findings and recommendations within fourteen days after being served
with a copy may bar the aggrieved party from appealing the factual and legal findings of the
Magistrate Judge that are accepted or adopted by the District Court. *Duffield v. Jackson*, 545
F.3d 1234, 1237 (10th Cir. 2008) (quoting *Moore v. United States*, 950 F.2d 656, 659 (10th Cir.
1991)).