IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 15-cv-02613-PAB-MEH

JENNIFER DEBUHR and
JASON DEBUHR,

    Plaintiffs,

v.

WARREN M. HERN and
BOULDER ABORTION CLINIC, P.C., a Colorado professional corporation,

    Defendants.

---

# ORDER

---

This matter comes before the Court on Defendants' Motion in Limine to Preclude New, Undisclosed, and Unsupported Theory on Informed Consent Raised During the Final Trial Preparation Conference [Docket No. 115].

Defendants request that the Court bar plaintiffs from presenting evidence and arguing that defendant Warren M. Hern should have informed plaintiff Jennifer DeBuhr that she could have stopped the procedure and returned to Nebraska to complete the procedure when she failed to achieve complete cervical dilation during an abortion procedure in Boulder, Colorado. Docket No. 115 at 2. Defendants argue that plaintiffs first presented this theory at the trial preparation conference and did not disclose expert testimony in support. *Id.* at 3.

Plaintiffs argue (1) that this theory is disclosed in the expert report of Regan N. Theiler, M.D., PhD, (2) that Dr. Theiler raised this theory during her deposition, and (3)

that plaintiffs' counsel questioned Dr. Hern, defendants' expert Dr. Kristina Tocce, and plaintiffs' expert Andrew Robertson, M.D. in relation to this theory during their depositions. Docket No. 118 at 2-6. Plaintiffs' arguments are not persuasive.

Dr. Theiler's expert report discloses her opinion that "[a]t the point when poor dilation was recognized, Dr. Hern was obligated to discuss with Mrs. DeBuhr her options for further care as part of the ongoing process of informed consent." Docket No. 119-1 at 2. Her expert report does not contain an opinion that Dr. Hern should have discussed the option of returning to Nebraska or an opinion that doing so would have been safe. *See id*. When asked at her deposition about further information she would need to inform her opinions, Dr. Theiler stated that she would need to know about Dr. Hern's "hospital privileges" and "transport agreements." Docket No. 119-2 at 3, 21:24-22:2. This testimony does not suggest that Dr. Theiler wished to know about hospital privileges in Nebraska, as opposed to Boulder, or the availability of transport to Nebraska, as opposed to a hospital in Boulder. Indeed, in opposing defendants' motion for summary judgment, plaintiffs argued that Dr. Hern should have presented Ms. DeBuhr "with treatment options, including transport and admission to the Boulder Community Hospital." Docket No. 47 at 19 (citing Dr. Theiler's expert report). Finally, plaintiffs' questioning of Dr. Hern, Dr. Tocce, and Dr. Robertson did not raise the possibility that Ms. DeBuhr could have returned to Nebraska to complete the procedure. Rather, plaintiffs' counsel only asked the doctors if the procedure needed to be completed on the same day it began. *See* Docket No. 118 at 3-6 (quoting depositions). Defendants do not seek to exclude the opinion that the procedure could have been delayed, which was disclosed at least in the final pretrial order, Docket No. 61 at 3;

rather, defendants seek to exclude the theory that "Dr. Hern should have informed Plaintiff on December 6, 2013 of the alternative to transport her to Nebraska to have the abortion completed by Dr. Robertson." Docket No. 115 at 7. Defendants point to no evidence that they disclosed this theory or expert testimony that would support it prior to the trial preparation conference. Accordingly, the Court will exclude it and bar plaintiffs from presenting evidence in support of this theory at trial.

Wherefore, it is

**ORDERED** that Defendants' Motion in Limine to Preclude New, Undisclosed, and Unsupported Theory on Informed Consent Raised During the Final Trial Preparation Conference [Docket No. 115] is granted. It is further

**ORDERED** that plaintiffs are barred from arguing or admitting evidence at trial claiming that Dr. Hern should have informed Ms. DeBuhr of the possibility to go to Nebraska to have the abortion completed by Dr. Robertson.

DATED December 22, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge